IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CURTIS JEROME BROWN, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:94-cr-0022-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Curtis Jerome Brown's ("Brown") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 205, and motion for recusal, ECF No. 215, and on the government's motion to dismiss, ECF No. 210.

In 1994, Brown pleaded guilty to two firearms charges.[1] On August 19, 1994, the court sentenced Brown to a five-year term of probation, including a suspended sentence of twelve months that would be imposed in the event that Brown violated his terms of probation. ECF No. 167. On April 8, 1996, while he was on federal probation, Brown was charged with "Criminal Sexual Conduct 1st Degree" by a South Carolina state court. ECF No. 210-1. On April 23, 1997, the state court sentenced Brown to a 30-year term of imprisonment. South Carolina Department of Correction ("SCDOC") records show that Brown began serving a state sentence for "Criminal Sexual Conduct 1st Degree," "Armed Robbery," and "Kidnapping" on April 8, 1996, and that Brown continues to

---

[1] Although the charges are too old to be accessible via ECF, the caption of Brown's case indicates that he pled guilty to violations of 18 U.S.C. §§ 924(a) and 922(g)(1).

1

serve that sentence at Kershaw Correctional Institution, a South Carolina state facility. ECF No. 210-2. Records from the United States Probation Office ("USPO") demonstrate that Brown's federal supervised release term was due to expire on August 19, 1999 and that USPO allowed Brown's probation to expire without further action "[d]ue to the fact that [the] defendant rec[eived] 30 years custody" in state court. ECF No. 201-1 at 7. At that time, USPO closed Brown's case. Id. Put simply, Brown has not been in federal custody or under federal supervision for over 20 years.

Pursuant to 28 U.S.C. § 2255(a), "A prisoner <u>in custody under sentence of a court established by Act of Congress</u> . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The law is clear that a prisoner must be in federal custody to seek relief under § 2255. See <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (holding that a defendant may not launch a habeas attack on an expired sentence); <u>see also</u> <u>United States v. Lynch</u>, 991 F.2d 792 (4th Cir. 1993) (unpublished) (dismissing § 2255 petition where the defendant was not "in custody"). Because Brown is not in federal custody, the court is without jurisdiction and must dismiss his petition. For the same reason, the court must deny Brown's motion for recusal as legally insufficient. 28 U.S.C. § 144 (stating that a movant for recusal must be a "party" to a "proceeding in district court"); <u>Lindsey v. City of Beaufort</u>, 911 F. Supp. 962, 965 (D.S.C. 1995) (holding that a motion for recusal must be "legally sufficient" to warrant consideration).

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An

applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003).  Here, Brown does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

Accordingly, the court **DENIES** Brown's motion to vacate, ECF No. 205, **DENIES** Brown's motion for recusal, ECF No. 215, and **GRANTS** the government's motion to dismiss, ECF No. 210.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 8, 2021**
**Charleston, South Carolina**